Cabell, P.
delivered the opinion of the Court.
The Court is of opinion that the effect of the indenture made the 25th day of April in the year 1771, between William Taliaferro and Elizabeth his wife of the first part, Joseph Jones of the second part, and Francis Taliaferro and John Taliaferro of the third part, was to destroy the power of appointment given to the said Elizabeth Taliaferro, in relation to the tract of land in controversy, by the deed of trust of the 23d day of May 1764, executed by the said William Taliaferro and Elizabeth his wife, to Joseph Jones.
The Court is further of opinion, that the indenture aforesaid, of the 25th of April 1771, had the effect to restore to the said William Taliaferro, all the rights of property which he had to the land in controversy, prior to the execution of the deed of trust, of the 23d day of May 1764, except so far as those rights might be affected by the life interest in the land granted to the said Elizabeth Taliaferro.
The efficacy of the indenture of the 25th day of April 1771, is not impaired by the fact, that Mrs. Taliaferro had an interest in the power of appointment, and that she was not privily examined as to her free and voluntary execution of that deed. It is the right of the person creating a power of appointment, to prescribe the manner of its execution. And in this case, it is expressly declared that it may be exercised by any instrument under the hand and seal, in writing, of Mrs. Taliaferro. Having the absolute right to give the land to whom she pleased, by the execution of the power, in the manner aforesaid, it follows that she had the right, for valuable consideration, and with the assent of all persons interested in the lands, to destroy the power by the same means, and to permit the land to pass as if the power had never existed; and the Court is of opinion, as before declared, that that is the effect of the arrangement made by the indenture of the 25th of April 1771.
*379 The Court is of opinion, that there is no validity in the objection that Joseph Jones, in that part of the indenture of the 25th of April 1771, in which he releases all right, title and claim to the land, calls it the Poialoe Neck tract; for he refers to the deed of trust of the 23d of May 1764, to shew what was the right, title and claim which he intended to release, and that deed shews, beyond the possibility of doubt, that it was the right, title and claim which he had acquired by that deed of trust, in the Newington tract, (the land in controversy,) and not the Potatoe Neck tract. And deeds are to be construed according to the manifest intention of the parties, as collected from the whole instrument, and not from particular words and phrases only.
The Court is of opinion to affirm the decree.
Baldwin, J. dissented.